UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DOUGLAS MYERS; and TERESA MYERS | Case No. 6:20-cv-00562-MK<br>**ORDER** |
| Plaintiffs, | |
| v. | |
| HIGHLANDS AT VISTA RIDGE HOMEOWNERS ASSOCIATION, INC.; KAY HENDERSON; DENNIS KINNEY; and ROGER STOCKSTAD, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs filed this lawsuit in April 2020 pursuant to the Fair Housing Act, 42 U.S.C. *et seq.*, ORS § 659.145, and state law negligence. Compl., ECF No. 1. Pending before the Court is Defendants' motion for attorney fees, which Plaintiffs timely opposed. *See* Def.'s Pet. Att'y Fees 3, ECF No. 34 ("Defs.' Mot."); Pls.' Resp. Opp'n Defs.' Pet. Att'y Fees, ECF No. 36 ("Pls.' Opp'n"). For the reasons that follow, the motion is GRANTED.[1]

---

[1] Although the parties have not consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c), this Court has "the authority to decide a request for attorneys' fees arising out of a distinct pretrial event, such as attorneys' fees arising out of a discovery dispute." *Carter v. Liberty Ins. Corp.*, 2020 WL 8087915,

Page 1 — ORDER

## BACKGROUND

On August 13, 2021, the Court entered the following order imposing discovery sanctions on Plaintiffs pursuant to Fed. R. Civ. P. ("Rule") 37:

> Defendants' Motion for Sanctions (ECF No. 29) is GRANTED as follows: Any evidence not produced by the Court's 5/19/2021 deadline will be excluded from Plaintiffs' case-in-chief for failure to comply with the Court's discovery order. See ECF No. 28; see also Fed. R. Civ. P. 37(b)(2)(A)(ii) (explaining that sanctions for failing to obey a discovery order may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"). Further, the Court finds that Plaintiffs' failure to produce discovery as ordered was not substantially justified and will therefore award reasonable attorney fees and costs associated with Defendants' motion to compel and motions for sanctions. See Fed. R. Civ. P. 37(b)(2)(C). Defendants have thirty (30) days from the entry of this Order to submit documentation in support of their requested fees and costs.

*See* ECF No. 33 (citation altered).

Defendants timely submitted a request for attorney fees totaling $4,049.00 for 0.2 hours worked for attorney Lloyd Bernstein at a rate of $245/hour and 18.9 hours worked for attorney Alexander Hill at a rate of $211.64/hour. Defs.' Mot. 3; *see also* Hill Decl., ECF No. 35.

## STANDARD

The determination of a reasonable attorney's fee begins with the "lodestar" method, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986). A "strong presumption" exists that the lodestar method produces a "reasonable

---

at *1 (D. Nev. Dec. 8, 2020) (citation omitted), *as modified on other grounds*, 2021 WL 65468 (D. Nev. Jan. 7, 2021). *See also Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (holding that "sanctions are non-dispositive matters which may be imposed directly by a magistrate" judge).

fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania*, 478 U.S. at 565. To determine the lodestar amount courts may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002) (quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for its award of attorney fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995). In determining the reasonableness of fees, the court need not respond to each specific objection. *Gates v. Deukmajian*, 987 F.2d 1392, 1400 (9th Cir. 1992). Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. *Id.* The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan for Hourly-rated Emps. of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quotations omitted).

## DISCUSSION

Plaintiffs do not dispute that Defendants are entitled to attorney fees. Nor do Plaintiffs dispute the hourly rate requested. Plaintiffs' sole contention is that the number of hours spent by Defendants' counsel should be reduced 5.1 hours, totaling $1,035.50, for three reasons. Pl.'s Opp'n 3. First, Plaintiffs argue that six entries—two on February 17, 2021, three on March 5,

2021, and one on May 21, 2021—are "redundant and/or duplicative" and the award should correspondingly be reduced. *Id.* at 2. Second, Plaintiffs argue two separate entries—both on May 21, 2021—should not be awarded because the "requested sanction" of dismissal was not granted. *Id.* at 3. Third, Plaintiffs argue that the time entry on June 16, 2021, should not be awarded as it did not relate "to the motion to compel and/or sanctions." *Id.*

After reviewing the declaration submitted on behalf of Defendants' counsel and the parties briefing, the Court declines to disturb Defendants' requested amount. Plaintiffs' first set of objections fail to explain how or why the work performed by counsel was redundant or duplicative beyond Plaintiffs' conclusory assertion that it was. That Defendants' counsel labeled tasks similarly or worked on the same task on different days does not automatically make the entries redundant. For example, a two-hour task completed in discrete increments over several days is not redundant. Significantly, Plaintiffs do not assert the amount of time spent on the given tasks was not reasonable.

As to the second set of objections, the Court notes that Defendants received their requested relief in large part based on the Court's exclusion of certain materials in Plaintiffs' case-in-chief and an award of a reasonable attorney fee. Plaintiffs failed to supply the Court with authority, binding or otherwise, holding that a party who ultimately prevails on a motion to compel should later have their fee reduced simply because they did not receive the drastic sanction of dismissal. As to the third objection, a review of the June 16 time entry reveals that it was in fact related to Defendants' sanctions motion. Accordingly, nothing in Plaintiffs' Opposition justifies reducing Defendants' request.

Based on the time, labor, skill, and reputation of Defendants' counsel as well as the results obtained, the Court finds the unopposed hourly rates of Defendants' attorneys to be reasonable as well as the hours expended.

## ORDER

For the reasons above, Defendants' motion for attorney fees (ECF No. 34) is GRANTED in the amount of $4,049.00.

IT IS SO ORDERED.

DATED this <u>16th</u> day of December 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
